MURRAY, J.,
concurs with reasons.
| ^though I concur in the result, I write separately to address two issues: (i) the alleged inconsistent factual findings, and (ii) the res judicata exception.

(i) the alleged inconsistent factual findings

The plaintiffs contend that the trial court’s factual finding that James Gonzales’ negligence caused the boating accident and that he was not involved in fraud of his insurer, Progressive, is inconsistent with its finding of fraud on their part. Progressive similarly contends that the trial court’s finding of no fraud on James Gonzales’ part is inconsistent with its finding of fraud on the plaintiffs’ part. Contrary to the parties’ contentions, these factual findings are not inconsistent. The trial court found there was an accident but that the plaintiffs — even assuming they were in the accident — were not injured as a result of it. The trial court reasoned that the plaintiffs were not credible and that the cause of the injuries they sustained was not the accident. The trial court thus found fraud on the plaintiffs’ part. This finding of fraud is reconcilable with the findings of negligence on James Gonzales’ part in causing the accident and the lack of fraud on his part.

(ii) the res judicata exception

In this court, James Gonzales filed an exception of res judicata based on Progressive’s failure to file a separate timely appeal of the trial court’s judgment dismissing Progressive’s 12cross-claim against him. He contends that Progressive’s answer to the plaintiffs’ appeal procedurally was insufficient to bring him into the appeal as a cross-appellee. He thus contends that the judgment dismissing Progressive’s cross-claim against him has become final.
*564 The majority addresses the merits of Progressive’s cross-appeal and finds that the trial court did not err in dismissing Progressive’s cross-claim against James Gonzales. Based on that finding, the majority concludes that the exception of res judicata is moot. Because the exception raised an issue regarding this court’s jurisdiction to entertain the cross-appeal, the exception should have been addressed before reaching the merits of the cross-appeal. Nonetheless, I agree with the majority’s decision to deny the exception.
The general rule on which James Gonzales’ exception is based is that an appellee cannot by answering an appeal raise an issue regarding a party who is not an appellant. See La. C.C.P. art. 2133 (providing that an answer “shall be equivalent to an appeal on his [ (the appellee’s) ] part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer.”) “[T]he answer to the appeal does not serve as an appeal by the appellee from any portion of the judgment rendered against him or her and in favor of another appel-lee.” 1 Frank L. Maraist and Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure § 14.11 (1999). This rule, however, is subject to an exception for certain situations involving incidental demands: “an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court.” La. C.C.P. art. 2133. Such is the case here. In its answer, Progressive demands reversal of the trial court’s judgment insofar as it denies relief on its cross-claim (an incidental action) against James Gonzales. Progressive therefore properly included in its answer its cross-appeal against James Gonzales.
For these reasons, I respectfully concur in the result.